UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NIGEL FREDRICKS,

        Plaintiff,

v.

DONALD TRUMP and U.S. ARMY
UNDERCOVER FEDERAL AGENTS JOHN
DOES AND JANES DOES

        Defendants.[1]

25-CV-6725-FPG

ORDER

---

*Pro se* Plaintiff Nigel Fredricks is confined at Sing Sing Correctional Facility. He filed an amended complaint requesting relief, ostensibly, under 42 U.S.C. § 1983. ECF No. 5. Plaintiff's complaint alleges several causes of action, including retaliation, deliberate indifference to medical needs, due process violations, and food tampering by President Donald Trump and unnamed John and Jane Doe federal agents. *Id.* Plaintiff paid the filing fee on June 16, 2025. ECF No. 8. Because Plaintiff is a prisoner, his amended complaint is reviewed under 28 U.S.C. § 1915A.

For the reasons that follow, the Court dismisses Plaintiff's amended complaint but grants him leave to amend as discussed below.

## DISCUSSION

I.    **Legal Standards**

    A.    **Review Under Prisoner Screening Statute**

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;

---

[1] The Clerk of Court is directed to update the docket of this case as noted in the caption.

or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

### B.    Pleading Standards

In evaluating a complaint, a court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556

2

U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## C.    Section 1983 Claim and *Bivens*

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

But "[a]n action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers." *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991); *accord United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007) ("Section 1983, of course, does not apply to allegedly unlawful acts of federal officers . . . ."); *Karman v. U.S. Customs & Border Prot.*, 24-312-CV, 2025 WL 972997, at *1 (2d Cir. Apr. 1, 2025) (summary order) ("[Section] 1983 does not apply to *federal* (as opposed to state or local) agencies or officers."). "A federal actor may be subject to section 1983 liability where there is evidence that the federal actor was engaged in a 'conspiracy' with state defendants." *Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 154 (2d Cir. 2006).

Plaintiff asserts claims against federal officials. He does not identify any Defendant as a state official or actor. Nor does he allege facts plausibly suggesting that any Defendant conspired with any state officials. Accordingly, the Court construes Plaintiff's claims as brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than § 1983. *See Tavarez v. Reno*, 54 F.3d 109, 109-110 (2d Cir. 1995) ("Although . . . brought . . . under § 1983, the district court properly construed the complaint as an action under *Bivens*. . . which requires a plaintiff to allege that a defendant acted under color of federal law to deprive plaintiff of a constitutional right.").

"[F]ederal courts have typically incorporated § 1983 law into *Bivens* actions." *Id.* at 110. Consequently, "*Bivens* actions and [section] 1983 suits require personal involvement of the defendants in the alleged constitutional deprivation." *Alcantara v. City of New York*, 646 F. Supp. 2d 449, 456-57 (S.D.N.Y. 2009). To establish liability "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). Moreover, the theory of *respondeat superior* is not available. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Instead, "[t]he violation must be established against the supervisory official directly." *Tangreti*, 983 F.3d at 618.

### D.    Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v.*

4

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

## II.    Allegations[2]

Plaintiff's amended complaint is not a model of clarity, and his handwriting is difficult to read at times, but the Court understands it to allege the following facts. ECF No. 5.[3]  On April 7, 2025, plaintiff arrived at Five Points Correctional Facility and has since faced retaliation by actors "appointed by the President of the United States, such as the Army and the department of corrections federal undercover agents." *Id.*, ¶ 1. Although Plaintiff is incarcerated in a New York State Department of Corrections and Community Supervision ("DOCCS") facility, he believes the Army was put on "stand by" for correctional facilities when a DOCCS labor strike began. *Id.*, ¶¶ 10-12.

The retaliation against Plaintiff at Five Points was related to or caused by incidents which took place at other correctional facilities. *Id.*, ¶¶ 7-8. These incidents involved the deaths of three inmates apparently caused by DOCCS officers. *Id.*  Prior claims Plaintiff made regarding violations of his constitutional rights caused retaliatory animus against him. *Id.*, ¶ 7. These incidents led to Governor Kathy Hochul ordering DOCCS officers to use body worn cameras. *Id.*, ¶ 9.  Plaintiff has been blamed for these events and told "it's all [his] fault these things are happening." *Id.*  The retaliation also arose in part because of a case he brought in the Northern

---

[2] The Court accepts Plaintiff's allegations as true for purposes of screening his complaint.  Page references to docket entries are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

[3] This case was transferred to the Western District of New York by order of the Honorable Paul J. Evangelista, United States Magistrate Judge, from the Northern District of New York, on the basis that venue was improper in the Northern District. *See* ECF No. 15.

District of New York in 2017. *Id.*, ¶¶ 13-15; *see Fredericks v. Borden*, 17-CV-15. Plaintiff has been "har[assed] and provoked" by individuals within DOCCS. *Id.*, ¶ 18.

Plaintiff has experienced numerous medical problems, including trouble breathing in his sleep, throat clogging, deep cuts and peeling skin on his penis, complications from hormone medication, "big bumps that bleed," bones hurting, and problems related to "releasing sperm." *Id.*, ¶ 4. Plaintiff's health complaints have been ignored at Five Points. *Id.*, ¶ 2. He has requested medical attention on a daily basis through "sick call slips." *Id.* Plaintiff attributes the Eighth Amendment violations to DOCCS employees. *Id.*, ¶ 17.

The medical symptoms Plaintiff has experienced are caused by "Army guards" who are tampering with his food when the meals are passed out. *Id.*, ¶ 3. Plaintiff believes this is also a form of retaliation. *Id.*

Plaintiff received three disciplinary reports against him while he was confined at Green Haven Correctional Facility on or about March 4, 2025. *Id.*, ¶ 5. As a result, Plaintiff was confined in a Special Housing Unit for a total of 135 days, suffered loss of commissary access for a period of time, and was not fairly credited for certain disciplinary time served. *Id.*, ¶¶ 5-6. Plaintiff suggests this punishment may have been retaliation but does not provide further explanation. *Id.*

Lastly, unnamed individuals are censoring or tampering with Plaintiff's mail "when [he] tries to get [his] point [across] to the courts." *Id.*, ¶ 26.

Plaintiff is suing Defendants in their individual and official capacities. *Id.*, ¶ 30. Plaintiff seeks a permanent injunction, compensatory damages, and punitive damages for the alleged violations. *Id.*, ¶¶ 27, 30.

6

### III.    Analysis

#### A.    Official Capacity Claims

"A plaintiff may not sue a federal officer in her official capacity for money damages, because such suit seeks money from the federal government, and sovereign immunity would bar recovery from the federal government absent an explicit waiver." *Tanvir v. Tanzin*, 894 F.3d 449, 461 (2d Cir. 2018), *aff'd*, 592 U.S. 43 (2020). Plaintiff's official-capacity claims seeking monetary damages against President Trump and "U.S. Army undercover federal agents John Does and Jane Does," are therefore dismissed without prejudice for lack of subject matter jurisdiction but without leave to amend. *See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("*Bivens* action against . . . the individual federal defendants in their official capacities . . . [was] properly dismissed for want of subject matter jurisdiction." (citing *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994)).

#### B.    *Bivens* Claims

To the extent that Plaintiff asserts claims for damages against President Trump and John or Jane Doe federal agents in their individual capacities arising from their alleged violations of Plaintiff's constitutional rights, the Court construes such claims as being brought under *Bivens*.

A *Bivens* action affords "the victims of a constitutional violation by a federal agent . . . a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). "The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007).

Notwithstanding its creation of the remedy, "the Supreme Court has [repeatedly] warned that the *Bivens* remedy is an extraordinary thing that should rarely if ever be applied in 'new contexts.'" *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001)); *see also Goldey v. Fields*, 606 U.S. 942, 945 (2025) ("For the past 45 years, th[e] [Supreme] Court has consistently declined to extend *Bivens* to new contexts."). Indeed, the Supreme Court has "made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert v. Boule*, 596 U.S. 482, 486 (2022). Consequently, district courts must engage in a *Bivens* analysis before permitting any *Bivens* claim to proceed to trial, *Ziglar v. Abbasi*, 582 U.S. 120, 139-40 (2017), and reject a *Bivens* claim when: (1) the claim presents a new *Bivens* context, and (2) special factors counseling hesitation are present, *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020).

A case presents "a new *Bivens* context" when it is "meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Egbert*, 596 U.S. at 492 (citation modified). "*Bivens, Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 582 U.S. at 131. The plaintiff in *Bivens* asserted claims for unreasonable search, seizure, and excessive force under the Fourth Amendment. 403 U.S. at 389. The plaintiff in *Davis v. Passman* asserted a claim of employment discrimination under the Due Process Clause of the Fifth Amendment. 442 U.S. 228, 230-31 (1979). And *Carlson* asserted Eighth Amendment claims for inadequate medical treatment of a convicted prisoner. 446 U.S. at 16 n.1. One of the many special factors counseling hesitation is the availability of "alternative forms of judicial relief." *Ziglar*, 582 U.S. at 145 (noting that "when alternative methods of relief are available, a *Bivens* remedy usually is not").

Here, the crux of Plaintiff's claim against the named Defendants is for retaliation. Even if such claim were properly pleaded against Defendants[4] and were sufficient to show their personal involvement,[5] it would constitute a new context. *See Wiley v. Fernandez*, No. 19-CV-652, 2021 WL 6550821, at *5 (N.D.N.Y. Nov. 24, 2021) ("The Supreme Court has 'never held that *Bivens* extends to First Amendment claims.'" (quoting *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012)), *report and recommendation adopted*, 2022 WL 168965 (N.D.N.Y. Jan. 19, 2022). Special factors also counsel against extending a *Bivens* remedy. *See Rodriguez v. Easter*, No. 20-CV-1872, 2022 WL 356478, at *6 (D. Conn. Feb. 7, 2022) ("Congress's decision not to include 'a standalone damages remedy against federal jailers' for prisoner abuse in the Prisoner Legislative Reform Act . . . arguably counsels against extending a *Bivens* damages remedy to inmates seeking to extend *Bivens* in a new context." (quoting *Ziglar*, 582 U.S.C. at 149)); *Bettis v. Grijalva*, No. 21 CIV. 7505, 2023 WL 4141869, at *7 (S.D.N.Y. June 23, 2023) ("The complaint's allegations . . . and its implication that the refusal of medical care was tied to a desire to punish Bettis reflects some kind of retaliation or scheme against him . . . must be dismissed" because "[n]one of the three *Bivens* contexts recognized by the Supreme Court include retaliation, and there are special factors that counsel against expanding a new *Bivens* remedy, in the availability of relief under the FTCA and the existence of the PLRA." (internal quotation marks and citation omitted)).

---

[4] The elements of a retaliation claim are discussed *infra*. In particular, it is unclear what protected activity Plaintiff allegedly engaged in that he alleges led to the retaliation.

[5] Plaintiff's *Bivens* claims also fail for failure to allege the personal involvement of the named Defendants. *Bivens*, like suits under § 1983, must allege direct and personal responsibility for the unlawful conduct of subordinates. *See Black v. United States*, 534 F.2d 524, 527-28 (2d Cir. 1976). Plaintiff merely states that federal agents or United States Army officers who retaliated against him were appointed by and given orders from President Trump. ECF No. 5, ¶¶ 1, 16. Plaintiff includes no facts showing that President Trump had direct or personal responsibility for the allegedly unconstitutional actions. Similarly, Plaintiff fails to allege any specific facts demonstrating that an individual federal agent or officer was personally involved in a constitutional violation. Additionally, President Trump is entitled to absolute immunity for actions taken within the scope of his official duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 755 (1982) (recognizing absolute Presidential immunity from damages liability for acts within the "outer perimeter" of his official responsibility).

9

For these reasons, Plaintiff's retaliation claim against the Defendants in their individual capacities is dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1). Because amendment would be futile, this claim is dismissed with prejudice. *See LaForge v. Bureau of Prisons*, 25-CV-00337, 2025 WL 3478833, at *6 (D. Conn. Oct. 20, 2025) ("[N]o amendment to Plaintiff's Fourth Amendment claim would alter the fact that courts have declined to extend *Bivens* to the new context Plaintiff alleges . . . . As such, any further amendment of Plaintiff's complaint would be futile."); *Karman v. U.S. Customs & Border Prot.*, 23-CV-345, 2023 WL 5806313, at *8 (N.D.N.Y. Sept. 7, 2023) ("As plaintiff cannot state a *Bivens* cause of action under the Supreme Court's current precedent, there is no pleading which could cure the defect . . . ."), *report and recommendation adopted in relevant part*, 2024 WL 123780 (N.D.N.Y. Jan. 11, 2024), *aff'd*, 2025 WL 972997 (2d Cir. Apr. 1, 2025).

### C.    Leave to Amend

But to the extent that Plaintiff may have intended to name state actors as defendants or to assert other constitutional claims against the named Defendants, the Court will provide him an opportunity to amend the complaint.[6] If Plaintiff elects to file a second amended complaint, he is cautioned to take efforts to identify specific defendants who committed the alleged violations and to identify what entities or organizations those defendants were employed by or were acting on behalf of at the time of the alleged violations.

---

[6] Federal actors can also be held liable under § 1983 when the constitutional violation is the result of a conspiracy between federal and state actors. *See Beechwood*, 436 F.3d at 154; *Arar*, 585 F.3d at 568 ("A federal officer who conspires with a state officer may act under color of state law; but since 'federal officials typically act under color of federal law,' they are rarely deemed to have acted under color of state law." (internal citation omitted) (quoting *Strickland ex rel. Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997))); *see also Escobar v. Correa*, 22-CV-8434, 2024 WL 4042122, at *6 (S.D.N.Y. Sept. 4, 2024) ("Cooperation between state and federal bureaucracies is insufficient; federal actors must have 'acted with an improper motive' rather than just in a 'spirit of cooperation' with the state defendants." (quoting *Beechwood*, 436 F.3d at 154-55)).

To the extent that the amended complaint suggests the existence of other causes of action, the Court only offers the following guidance to aid Plaintiff should he elect to file a second amended complaint, but offers no opinion as to the viability of any cause of action. Nor is Plaintiff precluded from asserting other legal theories.

### 1. Retaliation

"It is well-established that prison officials may not retaliate against inmates for exercising their constitutional rights." *Abdur-Raheem v. Selsky*, 806 F. Supp. 2d 628, 637 (W.D.N.Y. 2011) (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988)). To state a First Amendment retaliation claim, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Bacon v. Phelps*, 961 F.3d 533, 542 (2d Cir. 2020) (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)).

### 2. Denial of Medical Care

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Collymore v. Myers*, 74 F.4th 22, 30 (2d Cir. 2023) (brackets omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. "The standard of deliberate indifference includes both subjective and objective components." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

11

The objective component requires the prisoner to demonstrate that the alleged deprivation of medical care was "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "[I]f the unreasonable medical care is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (citing *Smith v. Carpenter,* 316 F.3d 178, 185-86 (2d Cir. 2003)), *abrogated on other grounds by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023). "Though there is no single metric" for establishing a "sufficiently serious" medical condition, it "refers to a condition of urgency that may result in degeneration or extreme pain, that significantly affects daily activities, or that involves chronic and substantial pain." *Mallet v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 126 F.4th 125, 132 (2d Cir. 2025) (citation modified). On a spectrum, "[t]he condition need not be 'life-threatening' or 'at the limit of human ability to bear,' but it must be more than simply 'uncomfortable and annoying.'" *Id.* (quoting *Brock v. Wright*, 315 F.3d 158, 163 (2d Cir. 2003)).

By contrast, "where the inadequacy is in the medical treatment given, the seriousness inquiry is narrower." *Salahuddin*, 467 F.3d at 280. For example, if there "is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone" to determine whether the alleged deprivation is objectively sufficiently serious. *Smith*, 316 F.3d at 185 (emphasis omitted).

The subjective component requires that a defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Farmer,* 511 U.S. at 837). A

defendant's "'failure to alleviate a significant risk that he should have perceived but did not' does not meet this standard." *Id.* (quoting *Farmer*, 511 U.S. at 838).

### 3.   Conditions of Confinement

In order to state a valid conditions of confinement claim under the Eighth Amendment, a plaintiff must allege: (1) the conditions were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," and (2) the prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991) (citation omitted); *see Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996).   Among the Eighth Amendment protections, prisoners must be served "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (quotation omitted).

### 4.   Due Process

To state a cognizable § 1983 procedural due process claim a plaintiff must allege facts demonstrating (1) that he possessed a protected liberty or property interest, and (2) that he was deprived of that interest without constitutionally sufficient due process. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *accord Bangs v. Smith*, 84 F.4th 87, 97 (2d Cir. 2023).

An inmate's liberty interest is implicated by prison discipline only if the discipline "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).   To determine whether an inmate's disciplinary confinement rises to the level of an atypical and significant hardship, both the conditions of that confinement and their duration must be alleged, "since especially harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical." *Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir. 1999).

13

Constitutionally sufficient due process "afforded a prison inmate do[es] not equate to 'the full panoply of rights' due to a defendant in a criminal prosecution." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). Inmates appearing at a disciplinary hearing must be provided with: (1) "advance written notice of the charges"; (2) "a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence"; (3) "a fair and impartial hearing officer"; and (4) "a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Id.* (citing *Wolff*, 418 U.S. at 563-67). While inmates do not have a right to counsel in disciplinary proceedings, "[p]rison authorities have a constitutional obligation to provide assistance to an inmate in marshaling evidence and presenting a defense." *Eng v. Coughlin*, 858 F.2d 889, 897 (2d Cir. 1988).

Plaintiff appears to allege that he was denied due process when he was disciplined and placed in solitary confinement at Green Haven Correctional Facility. Because the alleged disciplinary action and punishment occurred exclusively at Green Haven Correctional Facility, which is located in the Southern District of New York, Plaintiff must commence that claim in the Southern District of New York. *See* 28 U.S.C. § 1391(b).[7] Because no potential defendants are

---

[7] A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

identified as residing in this District and because the events giving rise to the claim did not occur in this District, venue would be improper in the Western District of New York.

Plaintiff is cautioned that the statute of limitations for § 1983 actions arising in New York is three years. *See Lucente v. County of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020). This means that any new action Plaintiff wishes to file concerning this claim must be brought within three years of the date the alleged violation occurred.

### 5. Mail Tampering

"Under the First Amendment, prisoners have a right to 'the free flow of incoming and outgoing mail.'" *Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006) (quoting *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). "Restrictions on prisoners' mail are justified only if they further one or more of the substantial governmental interests of security, order, and rehabilitation and must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Davis*, 320 F.3d at 351 (citation modified).

"This right is violated if a prison 'regularly and unjustifiably' interferes with a prisoner's legal mail." *McFadden v. Noeth*, 827 F. App'x 20, 29-30 (2d Cir. 2020) (summary order) (quoting *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012)). "Examples of unjustifiable interference include prison officials engaging in 'an ongoing practice of censorship' or delaying the delivery of mail to a prisoner in a way that 'causes him to miss court deadlines or in any way prejudices his legal actions.'" *Id.* at 30 (alterations omitted) (quoting *Davis*, 320 F.3d at 351-52).

## CONCLUSION

For the reasons set forth above, the amended complaint is dismissed under 28 U.S.C. §§ 1915A(b)(1) and (2). Plaintiff may file a second amended complaint by **June 23, 2026** in which

he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Plaintiff is further advised that he has been granted leave to amend only those claims addressed above—that is, all claims except those seeking damages against Defendants in their official capacities and those asserting First Amendment retaliation *Bivens* claims. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

### ORDER

In light of the above,

IT HEREBY IS ORDERED that Plaintiff's claims against Defendants in their official capacities are dismissed under 28 U.S.C. § 1915A(b)(2) without leave to amend; and it is further

ORDERED that Plaintiff's First Amendment retaliation *Bivens* claims against Defendants in their individual capacities are dismissed under 28 U.S.C. § 1915A(b)(1) without prejudice for lack of subject matter jurisdiction but without leave to amend; and it is further

ORDERED that Plaintiff may file a second amended complaint asserting constitutional claims under 42 U.S.C. § 1983 against state actors and/or *Bivens* claims against the individual

16

defendants for constitutional violations other than First Amendment retaliation as directed above by no later than **June 23, 2026**; and it is further

ORDERED that the Clerk of the Court shall send to Plaintiff with this order a copy of the amended complaint, a blank prisoner civil rights complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file a second amended complaint by the deadline set forth above, the claims dismissed under 28 U.S.C. §§ 1915A(b)(1) and (2), will remain dismissed and the Clerk of the Court shall close this case as dismissed without further order; and it is further

ORDERED that in the event the complaint is dismissed because Plaintiff has failed to file a second amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

IT IS SO ORDERED.

Dated:     May 21 , 2026
           Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York

17